

# The Attorney General of Texas

December 21, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ron Bird
House of Representatives
Committee on Regions, Compacts
   and Districts
P. O. Box 2910
Austin, Texas 78769

Opinion No. H- 1302

Re: Authority of Board of Park Commissioners and Commissioners Court to regulate roads and rivers in and bordering parks.

Dear Representative Bird:

You have requested an opinion regarding the authority of a Board of Park Commissioners which operates a county park pursuant to article 6079e, V.T.C.S. You wish to know the board's authority with respect to vehicular speed limits, pedestrian traffic, parking, aquatic activities, park fees, and the establishment of park boundaries.

In counties of 70,000 or more the commissioners court may adopt the provisions of article 6079e for the purpose of "acquiring, improving, equiping, maintaining, financing, and operating" county parks. Art. 6079e, § 2, V.T.C.S. A Board of Park Commissioners, subject to the supervision of the county commissioners, may be established at the option of the commissioners court. Art. 6079e, SS 2, 4, 9.

Section 11(a) provides that

> [t]he Board shall have the power and authority, ... to adopt and promulgate all reasonable regulations and rules concerning the use of any park or parks administered by said Board.

We believe that section 11 gives broad authority to the board to establish rules and regulations concerning parking, pedestrian traffic, recreational water activities, and speed limits. See also art. 6701d, § 27(a)(5); but see Penal Code § 1.08; Attorney General Opinion V-429 (1947) (county possesses no general police power to regulate traffic).

Article 6079e authorizes the county to issue park bonds (as does article 6081f) and so long as there is outstanding bond indebtedness the Board of Park Commissioners "shall charge and require the payment of fees, charges, and

tolls for the use of such properties and facilities" which are sufficient to retire the bonds. V.T.C.S. art. 6079e, §§ 12, 14, 15. In the absence of bond indebtedness we do not believe that the county has authority to collect any fees for park use. See Attorney General Opinions H-1052 (1977) (assessment of road tax not dependent on outstanding bond indebtedness); H-990 (1977) (county may not charge tolls for ferry); WW-1482 (1962) (county may not assess fees on motorboats using county park); V-744 (1948).

You also ask about the incorporation into the park of private lands surrounded by park property. The decision to purchase or condemn private property for park purposes lies within the discretion of the commissioners court. V.T.C.S. arts. 3264a; 6079e, § 4; 6081e, § 1; 6081f.

You finally ask whether a county with a population of less than 70,000 may establish a Board of Park Commissioners with powers similar to those described in article 6079e. All counties in Texas have the authority to acquire park land. Art. 6081f, V.T.C.S. In exercising this power, we believe the commissioners court may hire or appoint necessary personnel to administer the parks so long as such employees are subject to the supervision of the commissioners to the extent that the commissioners court's authority is not delegated. Upon approval and ratification by the commissioners court, we believe a park commissioners board may adopt rules and regulations similar to those allowed pursuant to article 6079e. Attorney General Opinions M-680 (1970) (commissioners court has implied power to appoint a county museum board to administer and set policy for county museums); WW-881 (1960) (county may not delegate control of county park to the city); see generally H-977 (1977) (county commissioners court cannot delegate its authority to approve claims against the county).

### S U M M A R Y

A county commissioners court may adopt, through an administrative board, reasonable rules and regulations regarding the use of county parks. In the absence of bond indebtedness, no fees may be charged for the use of county parks.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn